UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KHURRAM NAWAB | § § § | |
| Plaintiff | § § § § | |
| vs. | § § | Civil Case No. 15-cv-237 |
| UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT TYLER AND GOOD SHEPHERD HEALTH SYSTEM, INC. | § § § § § § | |
| Defendants | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
(Jury Demand)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Khurram Nawab, complaining of University of Texas Health Science Center at Tyler and Good Shepherd Health System, Inc., Defendants, and for cause of action, Plaintiff would show the Court the following:

## JURISDICTION AND VENUE

1. The amount in controversy, exclusive of the interest and costs, is within the jurisdictional limits of this Court.

## THE PARTIES

### *Plaintiff*

2. Plaintiff Khurram Nawab is a Texas resident and resides in Smith County, Texas.

## *Defendants*

3. Defendant University of Texas Health Science Center at Tyler is a university medical center located in Tyler, Texas. It may be served with process through its President, Kirk A. Calhoun, M.D., at 11937 US Highway 271, Tyler, Texas 75708-3154.

4. Defendant Good Shepherd Health System, Inc. is a domestic nonprofit corporation. It may be served with process through its registered agent, Steve Altmiller, at 700 East Marshall Ave., Longview, Texas 75601.

## FACTS

5. The Plaintiff was employed as a medical resident through Good Shepherd Graduate Medical Education Sponsored by the University of Texas Health Science Center. While working as a resident, Plaintiff suffered instances of discrimination on the basis of his Pakistani race, religion and national origin. The core faculty members and employees of the University of Texas Health Science Center at Tyler made offensive and derogatory comments during the time that he was employed there. Plaintiff complained about the way that he was being treated. After lodging these complaints, Plaintiff was faced with numerous false allegations regarding his competency. As a direct result of these complaints, Plaintiff was discharged from his position as a medical resident on June 30, 2013. His termination, the retaliation and the harassment were all on the basis of his race, religion and national origin in direct contravention to Title VII and 42 U.S.C. §1981. Following are several examples of this treatement:

    a. On one occasion, Plaintiff was in a rotation with Dr. Vozza-Zeid. Dr. Vozza-Zeid and Plaintiff were performing a pap smear exam on a patient and Dr. Vozza-Zeid criticized Plaintiff outside the examining room for asking a patient the same question three times and repeated that statements Plaintiff made with the patient mocking his accent.

b.      During Plaintiff's nephrology rotation with Dr. Vij, Dr. V. Reddy, Dr. Shakamuri and Dr. McDonald, Plaintiff experienced discrimination. Dr. Vij, Dr. V. Reddy and Dr. Shakamuri were Hindu/Indian. Dr. V. Reddy asked where I was from and if I ate "Halal." Dr. Shakamuri told Plaintiff a story about how the city of Hyderabad, India was occupied by the Muslims and the Hindu army came and kicked them out. Dr. Vij stated that Plaintiff's medical knowledge was very weak and told the other three attendees to fail Plaintiff and they did. This is just several examples of Plaintiff being singled out and treated differently because he was Pakistani. His national origin, race and religion is the reason he was discharged as a resident.

## ALLEGATIONS

**A.   Retaliation under Section 704(a) of Title VII and 42 U.S.C. §1981**

6.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

7.    Plaintiff has been retaliated against by Defendants for reporting discriminatory actions. Therefore, Defendants have violated Section 704(a) of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981, as amended.

8.    Defendants' violation of Section 704(a) of Title VII has directly and approximately caused damage to Plaintiff, for which he hereby sues Defendants.

**B.   Discrimination under Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981 and the Texas Commission on Human Rights Act, as amended**

9.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10.   Plaintiff has been subjected to a hostile work environment.

11.   Plaintiff was subjected to derogatory comments by the employees of the Defendants.

12.   Additionally, Plaintiff was terminated because of his race, religion and national origin.

13. Defendants violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981, as amended.

14. Defendants' violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981, as amended, has directly and approximately caused damage to Plaintiff, for which he hereby sues Defendants.

C.  **Intentional Infliction of Emotional Distress**

15. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

16. The actions by Defendants toward Plaintiff amount to intentional infliction of emotional distress. This has directly and proximately caused damage to Plaintiff for which he hereby sue Defendants. This action also entitles Plaintiff to punitive damages.

## DAMAGES

17. As a result of Defendants' discriminatory conduct, Plaintiff has suffered back pay, front pay, past and future loss of earning capacity, and past and future mental anguish. Plaintiff is also entitled to exemplary damage because of the nature of Defendants' conduct.

## ATTORNEY'S FEES

18. Plaintiff has been forced to obtain counsel to represent her in this matter. Plaintiff is entitled to reasonable attorney's fees pursuant to the Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981, as amended.

## CONDITIONS PRECEDENT

19. All conditions precedent to the bringing of the present litigation, such as the filing of an EEOC complaint and a notice of right to sue letter being obtained, have occurred or have

been performed. Attached as Exhibit A is the Notice of Right to File a Civil Action obtained from the EEOC/U.S. Department of Justice, Civil Rights Division.

## COURSE AND SCOPE

20. The actions of Defendants described within this Complaint were committed by its employees and agents who in turn were acting in the course and scope of its employment.

## JURY DEMAND

21. Plaintiff demands a trial by jury of all claims asserted in this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that he be awarded punitive damages, exemplary damages, attorneys' fees, pre- and post-judgment interest, and all other relief to which he is entitled.

Respectfully submitted,

_/s/ David B. Joeckel, Jr._
David B. Joeckel, Jr.
State Bar No. 10669700

THE JOECKEL LAW OFFICE
1117 W. Magnolia Ave.
Fort Worth, Texas 76104
Telephone: (817) 924-8600
Facsimile: (817) 924-8603
dbj@joeckellaw.com

ATTORNEY FOR PLAINTIFF